IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWINA SUMRALL,

    Plaintiff,

                                      CASE NO.: 3:21-cv-00857-MCR-HTC

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

## DEFENDANT, HARTFORD INSURANCE COMPANY OF THE MIDWEST'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("HARTFORD"), by and through its undersigned counsel, responds to Plaintiff's Complaint, by filing its Answer and Affirmative Defenses.

## JURISDICTIONAL ALLEGATIONS

1. Admitted for jurisdictional purposes only that this is an action in excess of $75,000.00; otherwise, denied.

2. Admitted for jurisdictional purposes only; otherwise, denied.

3. Admitted for jurisdictional purposes only; otherwise, denied.

4. Admitted that HARTFORD issued a homeowners policy to Plaintiff, identified by policy number 55RB977107, insuring the residence located at 6506

1

Park Ave, Milton, FL 32570, for the period of September 19, 2019, until September 19, 2020 pursuant to its terms, limitations, exclusions, and conditions contained therein; otherwise, denied.

5. Admitted for jurisdictional purposes only that the Northern District of Florida has jurisdiction over this matter as the amount in controversy exceeds $75,000.00 and the citizenship of the parties is completely diverse, further venue is proper in the Pensacola Division as the action originated in the Circuit Court of the First Judicial Circuit of Florida; otherwise, denied.

## GENERAL ALLEGATIONS

6. Admitted that HARTFORD issued a homeowners policy to Plaintiff, identified by policy number 55RB977107, insuring the residence located at 6506 Park Ave, Milton, FL 32570, for the period of September 19, 2019, until September 19, 2020 pursuant to its terms, limitations, exclusions, and conditions contained therein; otherwise, denied.

7. Admitted that HARTFORD issued a homeowners policy to Plaintiff, identified by policy number 55RB977107, insuring the residence located at 6506 Park Ave, Milton, FL 32570, for the period of September 19, 2019, until September 19, 2020 pursuant to its terms, limitations, exclusions, and conditions contained therein; otherwise, denied.

8. Admitted that HARTFORD issued a homeowners policy to Plaintiff, identified by policy number 55RB977107, insuring the residence located at 6506 Park Ave, Milton, FL 32570, for the period of September 19, 2019, until September 19, 2020 pursuant to its terms, limitations, exclusions, and conditions contained therein; otherwise, denied.

9. Admitted that HARTFORD issued a homeowners policy to Plaintiff, identified by policy number 55RB977107, insuring the residence located at 6506 Park Ave, Milton, FL 32570, for the period of September 19, 2019, until September 19, 2020 pursuant to its terms, limitations, exclusions, and conditions contained therein; otherwise, denied.

10. Denied.

11. Denied.

## COUNT I – BREACH OF CONTRACT

12. HARTFORD incorporates its answers to paragraphs 1 through 11 of the Complaint as if fully stated herein.

13. Admitted that Plaintiff purports HARTFORD breached the Policy; otherwise, denied.

14. Admitted that HARTFORD was advised of damage to the subject property purported to have occurred on September 16, 2020; otherwise, denied.

15. Admitted that HARTFORD was advised of damage to the subject property purported to have occurred on September 16, 2020; otherwise, denied.

16. Admitted that HARTFORD was advised of damage to the subject property purported to have occurred on September 16, 2020; otherwise, denied.

17. Admitted that HARTFORD was advised of damage to the subject property purported to have occurred on September 16, 2020 and that HARTFORD assigned Claim No. Y93DP79107, and Event No. PP0018866816 to its investigation of the same; otherwise, denied.

18. Admitted that HARTFORD inspected the subject property as part of its investigation of the damage to the subject property purported to have occurred on September 16, 2020; otherwise, denied.

19. Admitted that HARTFORD inspected the subject property as part of its investigation of the damage to the subject property purported to have occurred on September 16, 2020; otherwise, denied.

20. Admitted that on October 1, 2020, HARTFORD afforded Partial Coverage for the loss; otherwise, denied.

21. Admitted that on October 1, 2020, HARTFORD afforded Partial Coverage for the loss; otherwise, denied.

22. Admitted that on October 1, 2020, HARTFORD afforded Partial Coverage for the loss; otherwise, denied.

23. Admitted that on October 1, 2020, HARTFORD afforded Partial Coverage for the loss; otherwise, denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## **AFFIRMATIVE DEFENSES**

The facts set forth in HARTFORD's Answer are hereby incorporated in each and every affirmative defense as if set forth therein in their entirety.

## **FIRST AFFIRMATIVE DEFENSE**

The relief sought by Plaintiff in this lawsuit and the underlying claim, in all or part, is excepted, excluded, and/or limited under the following policy provision:

## **SECTION I – CONDITIONS**

\* \* \*

**P. Policy Period**

This policy applies only to loss which occurs during the policy period.

\* \* \*

Specifically, Plaintiff seeks damages for a loss that occurred outside the Policy Period and, therefore, such damages are not recoverable under the Policy.

## SECOND AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this lawsuit and the underlying claim, in all or part, is excepted, excluded, and/or limited under the following policy provision:

### SECTION I – CONDITIONS

\* \* \*

**B. Duties After Loss**

In case of loss to a covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed by either by you, an "insured" seeking coverage, or a representative of either:

**1.** Give prompt notice to us or our agent;

\* \* \*

**4.** Protect the covered property from further damage. If repairs to the property are required, you must:

    **a.** Make reasonable and necessary repairs to protect the property; and

    **b.** Keep an accurate record of repair expenses;

**5.** Cooperate with us in the investigation of a claim;

\* \* \*

**G. Suit Against Us**

> No action can be brought against us unless there has been full compliance with all of the terms under **Section I** of this policy and the action is started within five years after the date of loss.

\* \* \*

Specifically, Plaintiff failed to protect the property from further damage, failed to make reasonable and necessary repairs to protect the property, and failed to keep an accurate record of repair expenses. Plaintiff's failure is prejudicial to HARTFORD, therefore Plaintiff has wrongfully filed suit prior to fully complying with the Policy and is barred from recovering any insurance proceeds.

## THIRD AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this lawsuit and the underlying claim, in all or part, is excepted, excluded, and/or limited under the following policy provision:

**SECTION I – PERILS INSURED AGAINST**

**A. Coverage A – Dwelling And Coverage B – Other Structures**

\* \* \*

> **2.** We do not insure, however, for loss:
>
> \* \* \*
>
> **c.** Caused by:
>
> \* \* \*
>
> > **(5)** Constant or repeated seepage or leakage of water or the presence or condensation of humidity, moisture or vapor, over a period of weeks, months or years unless such

seepage or leakage of water or the presence or condensation of humidity, moisture or vapor and the resulting damage is unknown to all "insureds" and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure.

**(6)** Any of the following:

    **(a)** Wear and tear, marring, deterioration;

    **(b)** Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

    **(c)** Smog, rust or other corrosion;

    \* \* \*

    **(f)** Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;

    \* \* \*

Specifically, Plaintiff seeks damages caused by constant or repeated seepage; wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice, rust or other corrosion, and/or settling, shrinking, bulging or expansion, including resultant cracking of walls, roofs or ceilings, which is not covered under the Policy.

## FOURTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this lawsuit and the underlying claim, in all or part, is excepted, excluded, and/or limited under the following Policy provision:

8

## SECTION I - EXCLUSIONS

A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

5. **Neglect**

   Neglect means neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

\* \* \*

Specifically, Plaintiff seeks damages caused by neglect, which is excluded under the Policy.

## FIFTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this lawsuit and the underlying claim, in all or part, is excepted, excluded, and/or limited under the following Policy provision:

## SECTION I - EXCLUSIONS

\* \* \*

B. We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered.

   1. Weather conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event

excluded in paragraph **A.** above to produce the loss;

\* \* \*

3. Faulty, inadequate or defective:

\* \* \*

    **b.** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

    **c.** Materials used in repair, construction, renovation or remodeling; or

    **d.** Maintenance;

of part or all of any property whether on or off the "residence premises."

\* \* \*

Specifically, Plaintiff seeks damages caused by weather conditions, faulty workmanship, repair construction, materials, and/or maintenance, which is excluded under the Policy.

## **SIXTH AFFIRMATIVE DEFENSE**

The relief sought by Plaintiff in this lawsuit and the underlying claim, in all or part, is subject to, and/or limited by the applicable deductible and prior payments.

## **STATEMENT**

Discovery is ongoing and it is possible that Plaintiff may assert some other basis for her claim. HARTFORD reserves the right to amend this Answer to assert

any additional defenses or any other applicable terms, conditions, limitations and/or exclusions of the Policy that may become apparent during discovery.

## DEMAND FOR JURY TRIAL

**WHEREFORE**, the Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, respectfully requests judgment in its favor, costs of this action and such other relief as this Court deems appropriate under the circumstances. Moreover, HARTFORD hereby demands trial by jury on all issues so triable.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Troy J. Seibert, Esq.
**TROY J. SEIBERT, ESQ.**
Florida Bar No.: 0084668
tseibert@butler.legal
**VINCENT A. FERNANDEZ, ESQ.**
Florida Bar No.: 1004601
vfernandez@butler.legal
Secondary:   msmalls@butler.legal
                     srivera@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:  (813) 281-1900
Facsimile:   (813) 281-0900
*Attorneys for Defendant,*
*Hartford Insurance Company of the Midwest*

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to

    INSURANCE LITIGATION GROUP, P.A.
    Milton B. Grey, Esq.
    1500 N.E. 162nd Street
    Miami, FL 33162
    service@ILGPA.com
    *Counsel for Plaintiff,*
    *Edwina Sumrall*

by CM/ECF on June 24, 2021.

                                        /s/ Troy J. Seibert, Esq.
                                        **TROY J. SEIBERT, ESQ.**